**Dan R. WILLIAMS, Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.**

**No. 01–3321.**

United States Court of Appeals,
Federal Circuit.

March 20, 2002.

Before MICHEL, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Dan R. Williams petitions for review of a final decision of the Merit Systems Protection Board ("Board"), *Williams v. Office of Personnel Management,* No. AT–0831–00–0669–I–1 (October 17, 2000), in which the Board affirmed the Office of Personnel Management's ("OPM") denial of Mr. Williams' request to revoke his post-retirement election for a former spouse survivor annuity benefit. We affirm.

I

On January 1, 1990, Mr. Williams retired under the Civil Service Retirement System. At the time of his retirement, Mr. Williams was married to Marie Williams, and therefore he elected a reduced annuity to provide survivor benefits for his spouse. On January 27, 1998, Dan and Marie Williams divorced.

On January 27, 1999, and February 2, 1999, Mr. Williams sent signed letters to OPM, stating: "I elect, as provided for in Title 5, Section 8341(h)(1) and 8339(j)(3) United States Code to provide the survivor annuity for my former spouse, Marie France Williams." Also, on November 23, 1999, Mr. Williams signed the Former Spouse Annuity Election form, which provided: "I elect a reduced annuity to provide a survivor annuity for my former spouse [Marie France Williams]. I read and understand the information on the front of this letter and in the accompanying pamphlet." Directly above Mr. Williams' signature was a notice in bold print, stating: "Important: You Cannot

Change or Reduce Your Election After We Have Received a Valid Election."

After Mr. Williams returned his election form to OPM, he wrote two follow-up letters to that agency. In the first letter dated January 17, 2000, Mr. Williams claimed that he "was required by court order to execute the 'voluntary' election forms," even though he did not understand that signing these forms constituted a valid election. In the second letter dated March 24, 2000, Mr. Williams urged that he signed the election forms because he feared being held in contempt of court.

## II

We must affirm any Board decision not found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

The applicable statute for a survivor annuity for a former spouse, 5 U.S.C. § 8339(j)(3), provides in pertinent part:

An employee or Member who has a former spouse may elect, under procedures prescribed by the Office, ... to provide a survivor annuity for such former spouse under section 8341(h) of this title, unless all rights to survivor benefits for such former spouse under this subchapter based on marriage to such employee or Member were waived under paragraph (1) of this subsection. An election under this paragraph shall be made at the time of retirement or, if later, within 2 years after the date on which the marriage of the former spouse to the employee or Member is dissolved ... *The reduction, which shall be effective on the same date as the election under this paragraph, shall be permanent* and unaffected by any future termination of

the entitlement of the former spouse.... An election under this paragraph-

(A) *shall not be effective to the extent that it-*

(i) *conflicts with-*

(*l*) *any court order or decree referred to in subsection (h)(1)* of section 8341 of this title, which was issued before the date of such election....

5 U.S.C. § 8339(j)(3) (2000) (emphases added). In turn, section 8341(h)(1) provides in pertinent part:

[A] former spouse of a deceased employee, Member, annuitant, or former Member who was separated from the service with title to a deferred annuity under section 8338(b) of this title is entitled to a survivor annuity under this subsection, *if and to the extent expressly provided for in an election under section 8339(j)(3) of this title, or in the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree.*

5 U.S.C. § 8341(h)(1) (2000) (emphasis added).

 Mr. Williams first urges that any election he made was ineffective because OPM refused to process the court divorce decree, granting his former spouse a survivor annuity. Although the terms of a divorce decree can be one way to elect a reduced annuity, the divorce decree is not the only means of making an annuity election. Instead, Mr. Williams can also make an election under "procedures prescribed by the Office," which would include the Former Spouse Annuity Election form that Mr. Williams signed within two years after his divorce, indicating his intent to provide a survivor annuity for Marie Williams. This election remains effective

under the statute since the court order and the decree do not conflict, 5 U.S.C. § 8339(j)(3)(A), but rather both provide for a survivor annuity. Therefore, even if OPM did not accept his divorce decree as an effective election, the Former Spouse Annuity Election form that Mr. Williams signed constituted a valid election that remains binding on him.

■ We also disagree with Mr. Williams' contention that his election was involuntary. On three different occasions, Mr. Williams expressed his intent to provide a survivor annuity for his former spouse, and on the Former Spouse Annuity Election form, he attested that he understood what he had signed. While he may have felt compelled to do so by the divorce decree, Mr. Williams has not alleged, much less provided any evidence of, impropriety in the divorce proceeding to support his claim of coercion. The alleged coercion here was not by Mr. Williams' federal employer. *Cf. Roskos v. United States*, 213 Ct.Cl. 34, 549 F.2d 1386, 1389 (Ct.Cl.1977). Without any evidence of improper duress or coercion, we conclude that Mr. Williams voluntarily elected to provide this benefit.

■ Finally, Mr. Williams complained that the Board cited the wrong regulation referring to 5 C.F.R. § 831.631(b)(4)(i), which applies only to current spouses, instead of § 5 C.F.R. § 831.632, which applies to former spouses. The latter regulation does not refer to the election as being irrevocable. This incorrect citation was at most harmless error. The statute is clear on its face that any election is irrevocable. *See* 5 U.S.C. § 8339(j)(3) ("The reduction ... shall be permanent and unaffected by any future termination of the entitlement of the former spouse."). In addition, in bold print on the election form, there was a clear statement that Mr. Williams could not change or reduce his election after OPM had received a valid election. Accordingly, we find that the election is still valid and binding on Mr. Williams.

For the foregoing reasons, the decision of the Board is affirmed.

No costs.